IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT ORUM and CONNIE ORUM,

    Plaintiffs,

v.                                          Civil Action No. 5:17CV142
                                                                 (STAMP)
LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR DEFAULT
JUDGMENT ON ITS COUNTERCLAIM,
GRANTING PLAINTIFFS' MOTION TO SET
ASIDE CLERK'S ENTRY OF DEFAULT AND
GRANTING PLAINTIFFS' MOTION FOR LEAVE TO
FILE ANSWER TO DEFENDANT'S COUNTERCLAIM**

I.    Background

The defendant removed this civil action to this Court after the plaintiffs originally filed their complaint in the Circuit Court of Ohio County, West Virginia. The complaint arises out of a fire that burned the plaintiffs' house to the ground. The plaintiffs allege that the defendant, in bad faith, failed to pay the plaintiffs' homeowners claim even though there have not been any criminal charges filed against the plaintiffs. The defendant filed an answer and counterclaim in this Court. The defendant's counterclaim seeks a declaration from the Court that it properly rescinded an insurance policy, such that the defendant has no further duty to investigate and potentially pay for the plaintiffs' underlying insurance claim.

The defendant served its counterclaim on the plaintiffs on September 18, 2017. The plaintiffs failed to respond within the time provided by the Federal Rules of Civil Procedure. Thus, pursuant to Federal Rule of Civil Procedure 55(a), the Court entered default against the plaintiffs on the counterclaim on October 12, 2017. On October 16, 2017, after the entry of default, the plaintiffs filed their answer to the counterclaim. On October 30, 2017, the defendant filed a motion to strike the plaintiffs' answer to the defendant's counterclaim. The motion to strike represented that the defendant has been prejudiced by the plaintiffs' disregard and unresponsiveness. The motion further represented that, by not striking the untimely answer, the Court would further prejudice the defendant by requiring it to continue to defend this action against the plaintiffs who have, to date, cost the defendant much time and resources due to their inaction. This Court found that the defendant would be unfairly prejudiced if it did not enforce the entry of default. Accordingly, the Court granted the defendant's motion to strike the plaintiffs' answer to the defendant's counterclaim and directed the Clerk to strike the plaintiffs' answer to the defendant's counterclaim from the docket.

The defendant has now filed a motion for default judgment on its counterclaim pursuant to Federal Rule of Civil Procedure 55(b)(2). The plaintiffs have also filed a motion to set aside the clerk's entry of default and a motion for leave to file an answer

to the defendant's counterclaim.  All three of the motions are fully briefed and ripe for review.  For the following reasons, this Court denies the defendant's motion for default judgment on its counterclaim, grants the plaintiffs' motion to set aside entry of default, and grants the plaintiffs' motion for leave to file answer to defendant's counterclaim

## II.  Applicable Law

### A.  Motion for Default Judgment

To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a).  Under Rule 55(a), an entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ."  Fed. R. Civ. P. 55(a).  Once default is entered by the clerk, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought.  If the plaintiff's claim is for "a sum certain" or a "sum that can be made certain by computation," the plaintiff may seek entry of default judgment from the clerk under Rule 55(b)(1).  However, in cases in which the plaintiff seeks a form of relief other than liquidated damages, Rule 55(b)(2) requires plaintiff to seek an entry of default judgment from the court.

It is well-established in the United States Court of Appeals for the Fourth Circuit that default judgments are to be granted sparingly.  See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d

951, 954 (4th Cir. 1987). "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

B. Motion to Set Aside Entry of Default

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause or pursuant to Rule 60(b). The United States Court of Appeals for the Fourth Circuit has established the following factors for district courts to consider when ruling on motions to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006) (citing Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987)).

The Fourth Circuit "has also 'repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.'" Redden v. Monitoronics Int'l, Inc., No. 5:14-CV-27757, 2015 WL 12859350, at

*1 (S.D. W. Va. Feb. 19, 2015) (quoting <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413, 417 (4th Cir. 2010)).

### III. <u>Discussion</u>

A. <u>Motion for Default Judgment</u>

As the plaintiffs state, default should not be entered under Rule 55(a) when a party has shown an intention to actively defend against the suit. <u>See</u> <u>Johnson v. Warner</u>, No. 7:05CV00219, 2009 WL 586730, at *4 (W.D. Va. Mar. 6, 2009). Additionally, this Court agrees that "strong public policy favors resolving disputes on the merits and not by default judgment." <u>Id.</u> (quoting <u>Pecarsky v. Galaxiworld.com Ltd.</u>, 249 F.3d 167, 172 (2d Cir. 2001)).

It is clear from the plaintiffs' delayed answer to the defendant counterclaim, their response to the defendant's motion for default judgment, and their motion to set aside the entry of default that they intended to actively defend the counterclaim. Further, it is also clear that the plaintiffs' untimely answer was the result of their counsel inadvertently mis-calendaring the deadline for the answer. The plaintiffs represent by their counsel that they mistakenly calendared the deadline for thirty days from the filing of the counterclaim rather than twenty-one days from the filing of the counterclaim. Furthermore, plaintiffs' counsel remedied their error by filing an answer six days late, after the entry of default. Based on these facts, this Court denies the defendant's motion for default judgment.

B.  <u>Motion to Set Aside Entry of Default</u>

As the plaintiffs argue, the law favors deciding a case on its merits.  Additionally, the plaintiffs are correct that a motion to set aside an entry of default is subject to a less rigorous standard than that applied to a motion to set aside an entry of default judgment.  "[A movant's] motion to set aside [an] entry of default is governed by the liberal 'good cause' standard rather than by the more restrictive standard of [Rule] 60(b) [that governs motions to set aside default judgment]."  <u>Rasmussen v. Am. Nat'l Red Cross</u>, 155 F.R.D. 549, 550 (S.D. W. Va. 1994).

This Court also agrees with the plaintiffs that the six-factor analysis for setting aside an entry of default favors the plaintiffs' position.  First, the plaintiffs maintain that they have a meritorious cause of action for first party bad faith by the defendant because the defendant failed to pay the plaintiffs' homeowners claim after the plaintiffs' house burned to the ground.  Second, the plaintiffs' answer to the defendant's counterclaim was only six days late and, thus, was reasonably prompt.  Third, counsel for the plaintiffs have acknowledged that their untimely answer to the counterclaim was the result of them mis-calendaring the deadline by nine days.

As to the fourth factor, this Court acknowledges that, in its earlier order granting the defendant's motion to strike the plaintiffs' answer to the counterclaim, it previously found that

the defendant would be unfairly prejudiced if the Court did not enforce the entry of default. ECF No. 11. The Court reached that conclusion based on the defendant's representation in its motion to strike the answer that the defendant had been prejudiced by the plaintiffs' disregard and unresponsiveness. However, based on the briefing of the present motion, this Court now finds that the risk of unfair prejudice to the defendant is outweighed by the other relevant factors in light of the liberal good cause standard for setting aside an entry of default and the law favoring deciding a case on the merits.

Fifth, this Court finds that the plaintiffs have not had a history of dilatory action. Specifically, the plaintiffs' delay in filing their answer to the defendant's counterclaim was the first time the plaintiffs missed a deadline in this civil action. Lastly, this Court agrees with the plaintiffs that refusing to grant the motion to set aside the entry of default would be too drastic a sanction under the circumstances. Thus, having considered all of the relevant factors, this Court finds that there is good cause to grant the plaintiffs' motion to set aside the entry of default.

## IV. Conclusion

For the reasons stated above, the defendant's motion for default judgment on its counterclaim (ECF No. 12) is DENIED and the plaintiffs' motion to set aside entry of default (ECF No. 13) is

GRANTED. Accordingly, the plaintiffs' motion for leave to file answer to defendant's counterclaim (ECF No. 19) is GRANTED and the plaintiffs are DIRECTED to file their answer to the counterclaim within seven (7) days of entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   February 15, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE